UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERNON COLLINS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:13-CV-1718 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

This matter is before the court upon the motion of Vernon Collins to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. # 1]. The United States has filed a response, and the issues are fully briefed.

## **I. Background**

On May 7, 2012, Collins pled guilty to possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] The charge stemmed from an incident in which Collins, during a struggle with a police officer, grabbed the officer's gun and fired it. The statutory penalties for the offense included a sentence of imprisonment of not less than 15 years and not more than life. Collins and the government entered into a Plea Agreement which contained the following provision:

> B. **The Sentence:** The parties acknowledge that: the agreements herein regarding application of the Sentencing Guidelines are the result of negotiations and led, in part, to the guilty plea, and each party has a right to rely upon and hold the other party to such agreements at the

---

[1] United States v. Vernon Collins, No. 4:11-CR-376 (CEJ). Unless otherwise noted, references to "Doc. #___" refer to documents filed in the criminal case.

-1-

time of sentencing. The parties further agree that neither party shall request a sentence above or below the applicable guideline range pursuant to any chapter of the Sentencing Guidelines, 19 U.S.C. §3553(a), or any other provision or rule of law, unless that request or facts which support that request are addressed in this document or the request is made with the consent of both parties. **Here, regardless of the guideline range determined by the Court, both parties agree to argue for a sentence within the range of 188 to 235 months. Defendant is fully aware the Government may ask the Court to impose a sentence of 235 months.**

*Plea Agreement, p. 2* [Doc. #31] [boldface type in original]

At the change of plea hearing, Collins stated under oath that he had read the Plea Agreement and had discussed it with his attorney. When asked whether he understood the contents of the Plea Agreement, Collins responded, "Fully." *Plea Transcript*, p. 9. [Doc. # 58]. Collins further stated that he had not been forced to plead guilty, that no specific sentence had been promised to him, and that the Plea Agreement contained all agreements he had with the government. *Id.* at pp. 8, 9. In response to the Court's query, Collins stated that he was pleading voluntarily. *Id.* at p. 8. Collins stated that he understood that he faced a sentence of imprisonment of not less than 15 years and not more than life. He also stated that he was aware of the government's intention to ask for a 235-month sentence. *Id. at pp. 12, 15.*

The Plea Agreement contained a recitation of facts that the parties stipulated to and that established the elements of the offense. *Plea Agreement, p. 3* [Doc. #31]. It also contained factual allegations by the government that Collins disputed, including the allegations that he had stabbed an individual and shot a police officer

who was trying to arrest him.  Because of pending state criminal charges, Collins did not stipulate that he possessed the firearm in connection with a crime of violence. *See* U.S.S.G. § 4B1.4(b).  He also did not stipulate to being an armed career criminal.  *See* 18 U.S.C. § 924(e).   However, Collins agreed to a sentence within the guideline range that would apply if he were an armed career criminal. *Plea Transcript, pp. 12-14* [Doc. # 58].  Moreover, Collins was informed of the armed career criminal enhanced penalties he faced, including a sentence of imprisonment of not less than 15 years and not more than life.  *Plea Agreement, p. 5* [Doc. # 31]*; Plea Transcript, pp. 15-16* [Doc. # 58].  Collins stated that he understood the penalties. *Plea Transcript, pp. 15-16* [Doc. # 58].

On September 11, 2012, Collins filed objections to the presentence report (PSR), including objections to the two-level adjustment for obstruction of justice (U.S.S.G. § 3C1.1), the six-level adjustment for aggravated assault of a police officer (U.S.S.G. § 3A1.(c)(1)) and the four-level adjustment for possessing the firearm in connection with another felony offense (U.S.S.G. § 3A1.2(c)(1)). [Doc. # 41].  The government submitted a written response to the objections at the sentencing hearing on September 18.  In addition, both the government and Collins presented testimony to address the factual disputes raised by the objections.  The court sustained the objection to the obstruction of justice adjustment. *Sentencing Transcript, p. 108* [Doc. # 59].  Based on the testimony, the court overruled the objections to the adjustments for assaulting a police officer and possessing the firearm in connection with another felony offense. *Id. at pp. 126-131.*

In the PSR, Collins was assessed sixteen criminal history points, which placed him in criminal history category VI. Based on Collins' ten prior felony burglary convictions, the court found that he was an armed career criminal, which also placed him in criminal history category VI. With a total offense level of 31, the guideline imprisonment range was 188 to 235 months. Consistent with the Plea Agreement, defense counsel argued for a sentence of 188 months and counsel for the government argued for a sentence of 235 months. Collins was sentenced to a term of imprisonment of 235 months, to be followed by a five-year term of supervised release.

In the Plea Agreement, Collins waived his right to appeal a sentence that was within the 188 to 235-month range. Consequently, he signed a statement instructing his attorney not to file a notice of appeal. *Notice of Compliance with Rule 12.07* [Doc. # 56].

## II. Grounds for Relief

### A. Denial of Due Process to a Defense in a Timely Manner

In Ground One, Collins claims that he was denied the right to argue his objection to the two-level adjustment for obstruction of justice due to the government's failure to submit its response to the objection until the day of the sentencing hearing. In its response, the government stated that it would not present any evidence on the escape attempt that formed the basis for the obstruction adjustment. Further, the Court sustained Collins' objection to the adjustment, resulting in a two-level decrease in his offense level calculation.

Collins was not denied due process, and this claim is completely without merit. He is not entitled to relief on Ground One.

## B. **Denial of Effective Assistance of Counsel**

In Grounds Two, Three and Four, Collins asserts claims of ineffective assistance of counsel. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

In Ground Two, Collins asserts that he was not allowed to plead to or argue for a sentence within the range of 188 to 235 months. This assertion is belied by the record. During the change of plea hearing, Collins stated that he understood and accepted Plea Agreement, including the provision in which the parties agreed to argue for a sentence within the range of 188 to 235 months. Further, as reflected in the sentencing transcript, defense counsel and the government's counsel adhered to the Plea Agreement by arguing for a sentence within that range.

Collins also asserts that his attorney did not inform him that the imprisonment range he agreed to was identical to the range that would apply if he were designated as an armed career criminal. As a result, Collins contends that he was under the false impression that the sentencing range of 188 to 235 months was the range that would apply if he were a career offender. The determination that Collins was an armed career criminal and that he possessed the firearm in connection with another felony offense was made by the Court, not by defense counsel. Regardless of whether Collins met the definition of armed career criminal

or career offender, the fact remains that he received a sentence within the range that he agreed to. So, even if Collins's allegations are accepted as true, he was not prejudiced.

In Ground Three, Collins complains that his attorney failed to object to the statement made by the prosecutor that one of his prior burglary convictions involved breaking into a judge's home. Even if an objection had been made, Collins makes no showing that it would have been sustained. Further, at sentencing the Court cited to Collins' extensive criminal history (which included more than twenty felony convictions) and the seriousness of the instant offense (which involved Collins shooting a police officer in an attempt to evade arrest) as the reasons for the sentence imposed. *Sentencing Transcript at pp. 141-144* [Doc. # 59]. Collins makes no showing that the sentence imposed—which was within the range he agreed to—would have been different but for defense counsel's failure to object.

In Ground Four, Collins claims that his attorney should have objected to the government's filing of its response to his PSR objections on the day of sentencing. There was no deadline for responding to the objections—indeed, the government was not required to file a written response. Thus, defense counsel had no basis for objecting that the response was "untimely." Although defense counsel informed the Court that she had not had time to review the cases and legal arguments in the response, she did not request a postponement of the hearing. Nevertheless, defense counsel displayed no difficulty in examining the witnesses who testified at the sentencing hearing or in arguing the objections to the PSR. Not only has Collins

failed to show that his attorney's failure to object was unreasonable, but he has also failed to show that he would have received a less severe sentence but for counsel's conduct.

Collins is not entitled to relief on Grounds Two, Three and Four.

### C. Conviction Obtained by Coercion

In Ground Five, Collins alleges that he told his attorney that he wanted to exercise his right to a trial instead of pleading guilty. He further alleges that defense counsel stated, "If you don't take the plea, I see the Judge giving you life." He also alleges that the prosecutor threatened to make things "worse" for him if he backed out of the Plea Agreement. *Motion to Vacate at p. 21.* Collins claims that his guilty plea was coerced as a result of these statements.

During the plea colloquy, Collins stated under oath that no one had threatened him or forced him to plead guilty, and that he was pleading guilty voluntarily. *Plea Transcript at p. 8* [Doc. # 58]. When asked whether he still wanted to plead guilty after being advised of the rights he was giving up, including the right to a jury trial, Collins responded "yes." *Id.* At any point during the change of plea hearing Collins could have reported the coercion he alleges here or he could have expressed his desire for a trial. He did neither.

Statements made under oath in open court "carry a strong presumption of verity," and representations made by a defendant in a change of plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). *See also*, United States v. Harvey,

147 Fed. Appx. 627, 2005 WL 2923572 (8th Cir. 2005) ("The record contradicts Harvey's contention that her guilty plea was coerced: she was questioned about her knowledge and the voluntariness of the plea by the district court, and she confirmed that the plea was not forced and that she had read and discussed the plea agreement with her counsel."); Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). Collins submits no evidence to support his allegations and he has not overcome the "presumption of verity" accorded to his sworn statements during the plea hearing. He is not entitled to relief on Ground Five.

### D. Denial of Due Process at Sentencing

In Ground Six, Collins claims that he was denied due process during his sentencing hearing. Specifically, he alleges that he was deprived of the right to present evidence to rebut the armed career criminal designation and that the finding that his testimony was not credible demonstrated improper judicial bias. The transcript of the sentencing hearing shows that government's witnesses were thoroughly cross-examined by defense counsel and that Collins was permitted to testify. Thus, the record squarely contradicts Collins's allegation that he was not allowed to present evidence. Because Collins's testimony conflicted with the testimony of another witness, it was the Court's duty to resolve the conflict based on credibility. The Court explained in detail the reasons for its credibility determination. *Sentencing Transcript at pp. 126-131* [Doc. # 59]. The mere fact that Collins's testimony was found to be not credible is not evidence of bias.

Collins is not entitled to relief on Ground Six.

### E. Conviction Obtained by Unlawful Grand Jury Indictment

In Ground Seven, Collins claims that the indictment was invalid because it was not signed by the grand jury foreperson. Again, the record disproves his allegation. The Court's file shows that the indictment was returned in open court before a district judge and was signed by the grand jury foreperson and the Assistant United States Attorney. Collins is not entitled to relief on this claim.

### III. Conclusion

For the reasons set forth above, the Court concludes that the files and records of this case conclusively show that Collins is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Collins has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An Order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2016.